UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. HILL, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-1149 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.　Three Strikes Analysis

　　　　Plaintiff has not yet submitted an application to proceed in forma pauperis in this case or paid the required filing fee of $350.00 plus the $55.00 administrative fee. However, as explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because he has accrued three strikes under 28 U.S.C. § 1915(g) and he has not shown that he is under imminent danger of serious physical injury. Instead, the court will recommend that plaintiff be required to pay the $405.00 in required fees or suffer dismissal of the complaint.

　　　　The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

"[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff has led to the identification of at least four cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (continued)

2

1. <u>Blackman v. Hartwell</u>, E.D. Cal. No. 1:99-cv-5822 REC HGB (case dismissed for failure to state a claim on March 12, 2001 (ECF No. 10));

2. <u>Blackman v. Variz</u>, N.D. Cal. No. 3:06-cv-6398 SI (case dismissed for failure to state a claim on December 18, 2006 (ECF No. 5));

3. <u>Blackman v. Mazariegos</u>, N.D. Cal. No. 3:06-cv-7625 SI (complaint dismissed with leave to amend for failure to state a claim (ECF No. 6); case dismissed on September 4, 2007, for failure to state a claim after plaintiff failed to file an amended complaint (ECF No. 8))

4. <u>Blackman v. Mazariegos</u>, N.D. Cal. No. 3:07-cv-2021 SI (case dismissed for failure to state a claim on September 5, 2007 (ECF No. 8)).

All of the preceding cases were dismissed well in advance of the filing of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

The complaint alleges that over one hundred defendants have denied plaintiff's inmate appeals, interfered with his ability to file such appeals, denied him access to the law library, and restricted his property. ECF No. 1 at 1-17. These allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.   <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at

---

(citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

the time you filed the complaint.  You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that you be required to pay the whole filing fee at one time.

     IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

     Accordingly, IT IS HEREBY RECOMMENDED that plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2024

                                                        /s/ Allison Claire
                                                        ALLISON CLAIRE
                                                        UNITED STATES MAGISTRATE JUDGE